UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF MISSOURI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:23-cv-01810 (UNA) |
| ) | |
| ROZINA KIMANI MUTHOKA, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of the purported *pro se* notice of removal, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, filed by defendant, "sui generis, beneficiary Rozina Rhonda Jones Williams," AKA Rozina Kimani Muthoka. For the reasons explained below, the Court will remand this matter in part, dismiss this matter in part, and deny the IFP application.

Muthoka's submissions are extremely difficult to follow. As far as it can be discerned, she takes issue with (1) civil and criminal proceedings in the 21st Judicial Circuit of Missouri, located in St. Louis, and (2) bankruptcy proceedings in the United States District Court for the Eastern District of Missouri. She seeks to remove those cases to this Court but faces insurmountable hurdles.

*First* and foremost, although Muthoka has presented this matter as a removal, it does not appear to have been removed from the 21st Judicial Circuit of Missouri, or any state or local court. A search of the Missouri state courts' unified database reveals that a single case is currently open and pending against Muthoka, *see State v. Rozina Muthoka*, Criminal Case No. 22SL-CR07861-

01 (filed 12/14/122), and there is no indication that it has actually been removed from state court. *See* missouricase.net (last visited 7/20/23).

In essence, Muthoka has attempted to open a civil matter by without a complaint, which she may not do. *See* Fed. R. Civ. P. 3; *In re Sealed Case No. 98-3077*, 151 F.3d 1059, 1069 n.9 (D.C. Cir. 1998) (noting that a civil action "must be initiated by complaint and not by motion") (citing Fed. R. Civ. P. 3); *see also Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) ("A party commences a civil action by filing a complaint. . . [and] [w]hen no complaint is filed, the court lacks jurisdiction[.]") (citing Fed. R. Civ. P. 3).

*Second*, a defendant is required to file for removal in the district court for the district and division within which such action is pending. *See* 28 U.S.C. §§ 1455(a), 1446(a). There is no indication that any of the cited state actions were ever pending in a District of Columbia local court, therefore, they may not be removed to this District.

*Third*, to the extent that Muthoka attempts to "remove" a case from the Eastern District of Missouri to this district, she may not do so. She cites to no authority under which a defendant may "remove" a case from one district to another, nor is the Court of aware of any. Indeed, this Court lacks subject matter jurisdiction to review the decisions of other federal district courts. *See In re Marin*, 956 F.2d 339 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979) (finding it "axiomatic" that a federal court may order judges or officers of another federal court "to take an action."), *cert. denied*, 444 U.S. 1081 (1980); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp.

170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)).

*Fourth*, it appears that Muthoka has attempted to proceed with this matter, at least in part, on behalf of an estate and/or trust. But, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]" 28 U.S.C. § 1654. As an artificial entity, a trust cannot proceed in federal court without licensed counsel. *See Fromm v. Duffy as Tr. of Gary Fromm Family Tr.*, No.19-cv-1121, 2020 WL 109056 at *4 (D.D.C. Jan. 9, 2020) (noting that "[c]ourts have interpreted [§ 1654] to preclude a non-attorney from appearing on behalf of another person or an entity such as a corporation, partnership, or trust"); *see also Casares v. Wells Fargo Bank, N.A.*, No. 13-cv-1633, 2015 WL 13679889 at *2 (D.D.C. May 4, 2015) (a litigant proceeding *pro se* "cannot represent the trust in federal court, even as the trustee, as he is not a licensed attorney") (citing *Hale Joy Trust v. Comm'r of IRS*, 57 Fed. App'x. 323, 324 (9th Cir. 2003) and *Knoefler v. United Bank of Bismark*, 20 F.3d 347, 348 (8th Cir. 1994)).

To that same end, Muthoka appears to have filed the pending IFP application, at least in part, on behalf of a trust, however, an artificial entity cannot proceed under the IFP statute, 28 U.S.C. § 1915(a)(1); the Supreme Court has interpreted that provision as applicable "only to individuals" or "natural persons," not "artificial entities." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–07 (1993). More, even if Muthoka intended to bring the IFP application on her own behalf, it is devoid of any of the information or material necessary to assess her financial circumstances. *See* 28 U.S.C. § 1915(a)(2). Therefore, the IFP application must be denied.

In short, Muthoka is asking a federal court in Washington, D.C., to intervene in civil and criminal matters that were filed in state and federal courts in Missouri, but this Court cannot do so.

Insofar as Muthoka has, in fact, removed Case No. 22SL-CR07861-01, it will remand that matter back to the 21st Judicial Circuit of Missouri. Otherwise, this case is dismissed. A separate order accompanies this memorandum opinion.

Date: 7/21/2023

TREVOR N. McFADDEN
United States District Judge